**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 99-4503

DONATHAN WAYNE HADDEN,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 99-4504

DONATHAN WAYNE HADDEN,
Defendant-Appellant.

Appeals from the United States District Court
for the District of South Carolina, at Florence.
Cameron McGowan Currie, District Judge.
(CR-98-156, CR-98-400)

Submitted: June 6, 2000

Decided: July 18, 2000

Before LUTTIG, WILLIAMS, and TRAXLER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Parks N. Small, Federal Public Defender, Columbia, South Carolina,
for Appellant. J. Rene Josey, United States Attorney, Alfred W.

Bethea, Jr., Assistant United States Attorney, Florence, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Donathan Wayne Hadden appeals his convictions and sentence in No. 99-4503 for conspiracy to possess with intent to distribute and distribution of methamphetamine in violation of 21 U.S.C.A. § 841(a)(1) (West 1999) and 21 U.S.C.A. § 846 (West 1999); attempted possession with intent to distribute methamphetamine in violation of 21 U.S.C.A. § 846 and 18 U.S.C.A.§ 2 (West 1969); and using and carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C.A. § 924(c) (West Supp. 2000) and 18 U.S.C.A. § 2. Hadden also appeals his conviction and sentence in No. 99-4504 for failure to appear at trial in violation of 18 U.S.C.A. § 3146(a)(1) (West Supp. 2000). Finding no reversible error, we affirm.

Hadden raises three issues on appeal, all pertaining to No. 99-4503: (1) whether the district court abused its discretion in not allowing the defense expert on police practices to testify to his opinion that Hadden's arrest in the reverse sting was premature; (2) whether the district court abused its discretion in giving an Allen charge;* and (3) whether the district court erred at sentencing in attributing the two pounds of fake methamphetamine in the reverse sting to Hadden as part of the base offense level under U.S. Sentencing Guidelines Manual (U.S.S.G.) § 2D1.1 (1998).

_____

*Allen v. United States, 164 U.S. 492 (1896).

2

First, we uphold the district court's decision to exclude portions of the defense expert's proposed testimony. This court reviews the district court's exclusion of expert testimony for abuse of discretion. See United States v. Barsanti, 943 F.2d 428, 432 (4th Cir. 1991). Expert evidence will be admissible if it "will assist the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702. Because the proposed testimony would not have assisted the jury in understanding the evidence or determining a fact in issue, we find that the district court did not abuse its discretion in refusing to allow the expert witness to testify that Hadden's arrest was premature.

Second, we find that district court's Allen charge was evenly balanced and did not suggest that jurors should abandon their individual judgment. Thus, the district court did not abuse its discretion in giving the challenged Allen charge. See United States v. Cropp, 127 F.3d 354, 359-60 (4th Cir. 1997).

Finally, we find that the district court did not err in attributing the two pounds of fake methamphetamine used in the reverse sting to Hadden. At sentencing, a district court's drug quantity finding must be supported by a preponderance of the evidence, and this court reviews such findings only for clear error. See United States v. Lamarr, 75 F.3d 964, 972 (4th Cir. 1996). The general rule in drug conspiracy cases is that each defendant is responsible for the total amount of drugs involved in the conspiracy so long as those amounts were reasonably foreseeable and within the scope of the conspiracy. See U.S.S.G. § 1B1.3, comment. (n.2); United States v. Banks, 10 F.3d 1044, 1058 (4th Cir. 1993). In reverse sting operations, this amount is most precisely reflected by the amount agreed upon by the parties. See U.S.S.G. § 2D1.1, comment. (n.12). Because we find that the entire two pounds of methamphetamine was reasonably foreseeable to Hadden and clearly within the scope of the conspiracy, the district court did not err in attributing this amount to him at sentencing.

Accordingly, we affirm Hadden's convictions and sentences in Nos. 99-4503 and 99-4504. We deny Hadden's motion to file a pro se supplemental brief and dispense with oral argument because the

3

facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

No. 99-4503 - <u>AFFIRMED</u>
No. 99-4504 - <u>AFFIRMED</u>

4